IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENE WALKER, AIS 254429, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:23-cv-459-RAH-SMD |
| | )                  (WO) |
| LIMESTONE CORRECTIONAL | ) |
| FACILITY, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.      INTRODUCTION**

On August 3, 2023, plaintiff Gene Walker, a state prisoner at the Ventress Correctional Facility in Clayton, Alabama, filed this *pro se* complaint under 42 U.S.C. § 1983 asserting an Eighth Amendment failure-to-protect claim against state actors stemming from a stabbing incident that occurred in January 2022 while Walker was incarcerated at the Limestone Correctional Facility in Harvest, Alabama. (Doc. 1.) Named as defendants in Walker's complaint are the Limestone Correctional Facility; Deborah Toney, Warden of the Limestone Correctional Facility; and Officer Billingsley, a correctional officer at the Limestone Correctional Facility. (*Id.* at 2.) As explained below, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).[1]

---

[1] Upon filing his complaint, Walker filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) Any assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

A § 1983 action "may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought [.]" 28 U.S.C. § 1404(a).

The events giving rise to the claims in Walker's complaint are alleged to have occurred at the Limestone Correctional Facility in Harvest, Alabama, which is located in the federal jurisdiction for the Northern District of Alabama. It appears that the named defendants work and reside within the same federal jurisdiction in the Northern District of Alabama. Walker identifies no events or omissions giving rise to his claims that occurred in the Middle District of Alabama, and he identifies no grounds why the factors in 28 U.S.C. § 1404(a) weigh in favor of maintaining venue in the Middle District of Alabama. The undersigned therefore finds that, for the convenience of parties and witnesses and in the interest of justice, this case should be transferred to the United States District Court for the Northern District of Alabama. *See* 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).[2]

---

[2] The court expresses no view on the merits of any claims in Walker's complaint.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is further

ORDERED that the parties shall file any objections to this Recommendation by **August 21, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of August, 2023.

                                            /s/   Stephen M. Doyle
                                        STEPHEN M. DOYLE
                                        CHIEF U.S. MAGISTRATE JUDGE